Katie MOTEN, Appellant,

v.

IOWA DEPARTMENT OF SOCIAL SERVICES, Appellee.

No. 2–61476.

Supreme Court of Iowa.

Jan. 24, 1979.

David M. Fortney, of Hoffman, Fortney, Ruffo & Turner, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Stephen C. Robinson, Sp. Asst. Atty. Gen., and George Cosson, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, HARRIS and ALLBEE, JJ.

ALLBEE, Justice.

This appeal arises out of the denial of an application by plaintiff, Katie Moten, for Aid to Dependent Children benefits for her granddaughter. The question presented is whether the Iowa Department of Social Services and the district court imposed eligibility conditions which were more strin-

gent than permitted by federal and state law.

**I. Factual background.** The facts are not in dispute. At the time of the administrative hearing plaintiff was a widow whose sole income was a pension of $175 per month. Her granddaughter, Penelope Murphy, had, in December of 1976, been sent to plaintiff's home in Waterloo by the child's parents, Sergeant Andrew Murphy and Elizabeth Murphy, plaintiff's daughter. The Murphys were stationed in Frankfurt, Germany.

Plaintiff had not been notified that Penelope was being sent to Waterloo. According to Penelope, her father simply placed her aboard an airplane and told her that he was sending her to live with her grandmother. The explanation for this action was given later when Penelope's parents told Red Cross representatives that Penelope was the cause of problems in her home, her school and the military community. After Penelope's arrival, plaintiff provided for Penelope's food, clothing and medical needs, and enrolled her in school. Penelope was 15 and ½ years old when she arrived in Waterloo.

On December 13, 1976, plaintiff applied in Black Hawk County for ADC for Penelope. Her application was denied. A hearing officer for the Department of Social Services ruled on review that Penelope was eligible. On appeal from the hearing officer's determination the Commissioner, Kevin J. Burns, denied assistance. In that decision the Commissioner concluded as a matter of law that Penelope's parents had not abandoned her, but had established intra-family arrangements for her care. The Commissioner thus concluded that Penelope did not meet the eligibility requirements for ADC.

In the meantime, plaintiff had also enlisted the aid of the Red Cross in seeking to gain information and support from the Murphys, her own efforts having proven futile. As a result of Red Cross intervention, Sergeant Murphy promised to provide Penelope with clothing and $100 per month for support. This promise, made in February 1977, subsequently yielded three checks of $100 each. Apparently, this was the "intra-family arrangement" referred to in the Commissioner's decision.

On December 5, 1977, the district court affirmed the Commissioner. The court added its own conclusion that plaintiff should not "be deemed to have established her entitlement to ADC benefits on Penelope's behalf, until all reasonable efforts through Red Cross channels had been exhausted." This appeal followed.

**II. Scope of review.** In this case we are required to consider the meaning of various federal and state statutes and administrative regulations as they apply to uncontested facts. Section 17A.19(8), The Code. Review of administrative agency action under such circumstances is governed by the principles set out in *West Des Moines Education Ass'n v. Public Employment Relations Board*, 266 N.W.2d 118, 124–5 (Iowa 1978).

**III. Applicable law.** The State of Iowa participates in the Aid to Families with Dependent Children (AFDC) program established by the Social Security Act of 1935, 42 U.S.C. § 601, *et seq.* *See* chapter 239, The Code.[1] Under this program, financed in part by federal funds but administered by the state, financial assistance is provided to dependent children.

A "dependent child" is defined by both federal and Iowa statutes as "a needy child . . . who has been deprived of parental support or care by reason of the . . . continued absence from the home . . . of a parent." 42 U.S.C. § 606(a); § 239.1(3), The Code.[2] This language requires two elements: (1) need; and (2) deprivation of parental support or care. 45 C.F.R. § 233.90(c)(1)(i). That Penelope was in need is not in dispute; the sole question

---

1. Although the federal statute now refers to Aid to Families with Dependent Children, the terminology in chapter 239, The Code, remains Aid to Dependent Children. Thus we refer to such assistance as ADC.

2. Section 239.1(3), The Code, provides "either parent" while 42 U.S.C. § 606(a) states "a parent."

is whether she was deprived of parental support or care by the continued absence of her parents from the home.[3] Her eligibility for assistance hinges on the construction of that phrase.[4]

That critical phrase is defined by federal regulations in this manner:

> (iii) *Continued absence of the parent from the home.* Continued absence of the parent from the home constitutes the reason for deprivation of parental support or care when the parent is out of the home, the nature of the absence is such as either to interrupt or to terminate the parent's functioning as a provider of maintenance, physical care, or guidance for the child, and the known or indefinite duration of the absence precludes counting on the parent's performance of his function in planning for the present support or care of the child. If these conditions exist, the parent may be absent for any reason, and he may have left only recently or some time previously.

45 C.F.R. § 233.90(c)(1)(iii). Rules of the Iowa Department of Social Services pertaining to deprivation by reason of continued absence of a parent from the home provide:

> 41.1(5) *Deprivation of parental care and support.*
>
> *a.* A child is deprived of care and support by reason of continued absence of a parent from the home when the parent is estranged from the family, and not out of the home to secure employment or for other reasons which separate such parent from the family on the basis of living arrangement. However, an estrangement need not exist when the absence is due to one of the following:
>
> (1) . . . .
>
> (2) . . . .

(3) Induction into military service.

770 Iowa Admin. Code § 41.1(5)(*a*)(3).

Neither of the foregoing regulations conditions eligibility for assistance upon proof that a child has been abandoned. Nor does either require the exhaustion of all possible efforts by the applicant to extract support from the absent parent or parents. Moreover, the Iowa Department of Social Services rule declares a child is deprived of care and support simply by reason of absence of a parent from the home due to induction into military service. Estrangement from the family is not a requisite under such circumstances. Thus, where there exists a need for assistance under prescribed standards and a parent is a member of a military service, eligibility for assistance is established.

The "intra-family arrangements," cited both at the administrative level and by the district court as a basis for denying aid, have no relevance to the only disputed question in this case. It is true that such arrangements might enter into the determination of whether Penelope was needy. 770 Iowa Admin.Code § 41.7. But need, as we have noted, is not an issue here. In other cases such arrangements might affect the amount of assistance granted. *See* § 239.5 (second unnumbered paragraph), The Code; 770 Iowa Admin. Code § 41.8. But both questions are different from that contested here: whether Penelope was a child deprived of parental support or care by the continued absence of her parents from the home.

**IV. Conclusion.** We therefore conclude that the Commissioner and the district court imposed conditions for ADC eligibility which have no basis in any statute or administrative regulation. This case involves nothing more than an error of law. Section 17A.19(8)(a) & (c), The Code. The cause is

---

**3.** Several other requirements for Penelope's eligibility for ADC are not contested. She is qualified by age. 42 U.S.C. § 606(a); § 239.-1(3), The Code. She is living in the home of a specified relative. 42 U.S.C. § 606(a); 45 C.F.R. § 233.90(c)(1)(v)(A); § 239.1(3), The Code; 770 Iowa Admin.Code § 41.2(3). No question has been raised concerning residency requirements. Section 239.2(2), The Code; 770 Iowa Admin.Code § 41.3(1).

**4.** The home referred to in the regulation is that of the child. 42 U.S.C. § 606(a); § 239.1(3), The Code; *see Hypolite v. Carleson*, 32 Cal. App.3d 979, 984, 108 Cal.Rptr. 751, 755 (1973).

remanded to the Department of Social Services for determination of the amount of ADC benefits to which plaintiff is entitled on behalf of Penelope Murphy.

Reversed and remanded with directions.